UNITED STATES DISTRICT COURT　　　　　　　ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
RILEY JEROME WILLIAMS,

       Petitioner,    MEMORANDUM AND ORDER

  -against-        09-CV-2980 (JG)

SUPERINTENDENT,
Great Meadow Correctional Facility,

       Respondent.
---------------------------------------------------------------x

A P P E A R A N C E S:

  RILEY JEROME WILLIAMS
    Attica Correctional Facility
    639 Exchange Street
    Attica, New York 14011
    Petitioner *Pro Se*

  CHARLES J. HYNES
    District Attorney for
    Kings County
    350 Jay Street
    Brooklyn, New York 11201
  By: Maria Park
    *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

  Riley Williams petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction in New York State Supreme Court, Kings County, of various crimes for his sexual assault of a woman in 2004. Williams claims that the trial judge's ruling permitting the prosecution to inquire about his previous convictions and use of aliases, if he chose to testify, was improper and unduly discouraged him from exercising his constitutional right to testify in his own defense. For the reason explained below, the petition is denied.

BACKGROUND

The government's evidence at trial established that, shortly before midnight on June 23, 2004, Williams grabbed a woman on a street corner in Brooklyn and demanded that she perform oral sex on him. When she refused, Williams repeatedly punched and groped her, cut her with a letter opener, and threatened to kill her. A witness to the attack called police to the scene, where they arrested Williams.

Williams was charged in an indictment of the New York Supreme Court, Kings County, with assault in the second degree, attempted assault in the second degree, assault in the third degree, attempted sexual abuse in the first degree, attempted sexual abuse in the third degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree.

Before trial, Williams's lawyer told the judge that Williams did not plan to testify. The judge nevertheless held a brief *Sandoval* hearing as a precaution and ruled that, if Williams did testify, the prosecution could impeach his testimony by asking whether he had previously been convicted of a felony and forty-five misdemeanors and whether he had ever used any aliases. *People v. Sandoval*, 34 N.Y.2d 371 (1974). Williams ultimately chose not to testify, and on October 4, 2005, the jury convicted him of assault in the second degree, attempted sexual abuse in the first degree, criminal possession of a weapon in the fourth degree, and criminal mischief in the fourth degree. The judge sentenced him to concurrent prison terms of seven years on the assault charge, one and one-third to four years on the attempted sexual abuse charge, one year on the weapon possession charge, and one year on the criminal mischief charge. In addition, the judge imposed a three-year term of post-release supervision on the assault charge.

Williams appealed his conviction on the ground that the trial judge's *Sandoval* ruling was erroneous and effectively forced him to forgo his constitutional right to testify in his own defense. The Appellate Division affirmed his conviction, holding that the trial judge did not abuse his discretion by permitting the prosecution to inquire into the fact of Williams's previous convictions and use of aliases. *People v. Williams*, 854 N.Y.S.2d 152 (2d Dep't 2008). Williams sought, and was granted, leave to appeal by the Court of Appeals. 10 N.Y.3d 872 (2008) (table). The Court of Appeals agreed with Williams that "the trial court might have been more discriminating," but it concluded that there was no legal reason to upset the trial court's exercise of discretion and affirmed his conviction. 12 N.Y.3d 726, 731 (2009).

Williams filed this habeas petition on June 29, 2009. He asserts the same claim that he raised on direct appeal.

DISCUSSION

Williams claims that the trial judge should not have ruled that the prosecution could impeach his testimony by inquiring about his previous convictions and use of aliases. But whatever the propriety of that ruling, I cannot review it because Williams never took the stand and so the prosecution never impeached his testimony with this information. When a defendant does not testify at trial, "[a]ny possible harm flowing from a . . . court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative." *Luce v. United States*, 469 U.S. 38, 41 (1984). Accordingly, claims challenging such rulings are not preserved for appellate or habeas review if the defendant does not take the stand. *See id.* at 43; *Peterson v. LeFevre*, 753 F. Supp. 518, 521 (S.D.N.Y. Jan. 4, 1991), *aff'd*, 940 F.2d 649 (2d Cir. 1991) (unpublished table decision).[1]

---

[1] Williams also suggests that the trial judge improperly considered crimes Williams did not commit when making his *Sandoval* ruling. But the transcript of the hearing does not reveal any discussion of crimes other

3

At oral argument, Williams raised the specter of an ineffective assistance of counsel claim by blaming his lawyer for the fact that he did not testify. Even if Williams had raised this claim in his petition, I would have denied it as meritless. According to Williams, his lawyer advised him not to take the stand and he agreed to follow that advice. *See* Oral Argument Tr. 6-7 (Mar. 5, 2010) ("[T]he lawyer told me, oh, I don't think it's best for you to testify. . . . I said okay . . . I'm going to go with what you said . . . ."). It is plain that it was Williams's choice not to testify and it is equally plain that his lawyer's advice was not unreasonable.

## CONCLUSION

The petition is denied. Because Williams has not made a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 15, 2010
      Brooklyn, New York

---

than the one felony and forty-five misdemeanor convictions the prosecution wished to inquire about, and Williams does not contend that he was not in fact convicted of these forty-six crimes.